UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

RAYMOND ARNOLD HATCH,

        Plaintiff,

    -against-                          07 Civ. 10702 (CM)

WACHOVIA SECURITIES LLC.,

        Defendant.

_____x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08

ORDER REOPENING CASE

McMahon, J.:

        On May 16, 2008, this court dismissed the above-captioned case for failure to prosecute after three non-appearances by plaintiff.

        On May 21, 2008, the court received a letter from William W. Hatch, plaintiff's son, advising me that plaintiff died on May 2, 2008. A copy of the letter is attached. Although the fax came from the "Wohabe Law Offices," I have no idea whether Mr. Hatch is an attorney, or simply works for one. However, I am treating the May 21, 2008 letter as a Notice of Suggestiong of Death pursuant to Fed. R. Civ. P. 25(a), and am docketing it as such. Because plaintiff was proceeding without counsel, and his son's letter indicates that the surviving Mr. Hatch has yet to consult with an attorney about his father's lawsuit, the court's transmission of the May 21 letter to counsel for defendant under cover of this order shall be deemed service of the Notice of Suggestion of Death pursuant to Rule 25(a)(1).

        Rule 25(a)(1) further provides that, unless a motion is made within ninety (90) days of service of the Notice of Suggestion of Death to substitute the successors or representatives of the deceased as party plaintiff in this action, the action shall (which means must) be dismissed as to the deceased party. Since Raymond Arnold Hatch brought the action, this action will be dismissed unless a motion to substitute the representative of his estate is made by August 20, 2008 (which is ninety days from today's date, today being the date of service of the Notice of Suggestion of Death). Without Raymond Arnold Hatch to give evidence, I think it unlikely that this lawsuit can succeed, especially in view of the allegations of the pro se complaint, which indicate that the business dealings that form the basis for this action were the subject of a prior arbitration. But the ninety day period provided by the rule will permit the decedent's son to explore his options with an attorney and make an informed decision about whether to move for leave to substitute his father's personal representative as the plaintiff in this action.

Copies mailed /faxed/handed to counsel on 5/22/08

The court notes that defendant has not yet appeared in this action, although the docket sheet reflects that service was made on defendant on March 7, 2008. A copy of the proof of service on file with the court indicates that defendant was served by the United States Marshal at its office at 1 Liberty Plaza, New York, New York, at 2:30 P.M.; service purports to have been effected by leaving the summons and complaint with one Ira Eulin, a receptionist. A copy of the proof of service is also attached to this order. The court expresses no opinion on whether leaving the summons and complaint with a receptionist would constitute satisfactory service on a limited liability corporation.

However, as no attorney has yet appeared for Wachovia, I am sending this order to the attention of the Legal Department at the Liberty Plaza address.

The court extends deepest condolences to Mr. William Hatch upon the loss of his father.

Dated: May 22, 2008

U.S.D.J.

BY FAX AND FIRST CLASS MAIL TO:

William W. Hatch
85 East End Avenue, Apt. 9-A
New York, New York 10028
Fax: 212-838-7463

BY FAX AND FIRST CLASS MAIL TO:

Wachovia Securities LLC
1 Liberty Plaza, 46th Floor
New York, New York 10006
Attn: LEGAL DEPARTMENT
Fax: 212-978-1013